United States District Court
Southern District of Texas
**ENTERED**
January 25, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EPIC TECH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-01220 |
| | § | |
| FRANK LARA, and | § | |
| PC SWEEPS, LLC | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Plaintiff Epic Tech's ("Epic") Affidavit in Support of Plaintiff's Motion for Default Judgment against Defendants Frank Lara, individually and PC Sweeps, LLC ("Lara and Sweeps"). Doc. 55. The Court previously entered a default and default judgment against Lara and Sweeps on statutory damages for willful copyright and trademark infringement, a permanent injunction against Lara and Sweeps's continuing use of Epic's Legacy sweepstakes software, and attorney's fees, post-judgment interest, and costs. Doc. 48, 54. As part of that judgment, the Court ordered Epic to provide proof of attorney's fees so that the Court could award a specific amount of attorney's fees. After careful consideration of the filings, record, and law, the Court is of the opinion that attorney's fees should be awarded.

On May 7, 2015, Epic brought this lawsuit and has pursued it for approximately two years to default judgment. According to the affidavit, Epic seeks $137,458.29 in attorney's fees and $43,934.85 in court costs and tracking of Lara and Sweeps, for a total of $181,393.14.

In determining a reasonable attorney's fee, a three step process is generally employed: (1) determine the nature and extent of the services provided by counsel; (2) set a value on those

services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of certain enumerated factors that may be of significance in the particular case. *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir. 1982), *overruled on other grounds by Int'l Woodworkers of Am., AFL-CIO & its Local No. 5-376 v. Champion Intern. Corp.,* 790 F.2d 1174 (5th Cir. 1986), *and by J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 790 F.2d 1193 (5th Cir. 1986). Steps one and two compute into the "lodestar" amount—that is, a computation of the reasonable number of hours expended by counsel multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Once this initial "lodestar" amount has been calculated, the Court then considers twelve factors, set forth by the Fifth Circuit Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), which may or may not weigh in favor of an adjustment of the lodestar amount. These twelve factors are:

1. Time and Labor Involved;

2. The Novelty and Difficulty of the Questions;

3. The Skill Requisite to Perform the Legal Services Properly;

4. The Preclusion of Other Employment by the Attorney Due to This Case;

5. The Customary Fee;

6. Whether the Fee is Fixed or Contingent;

7. Time Limitations;

8. The Amount Involved and the Result Obtained;

9. The Experience, Reputation, and Ability of Counsel;

10. The Undesirability of the Case;

11. The Nature and Length of the Professional Relationship with the Client; and

12. Awards in Similar Cases.

*Id*.

"Four of the Johnson factors are presumably included in the lodestar calculation: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Transamerica Annuity Serv. Corp. v. Symetra Life Ins. Co.*, No. CV H-16-1426, 2017 WL 3442464, at *6 (S.D. Tex. Aug. 9, 2017) (citing *Blum v. Stenson*, 465 U.S. 886, 898–99 (1984); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)). And two other factors, time limitations imposed by the client, or circumstances and preclusion of other employment, are also generally subsumed in the lodestar calculation. *Transamerica*, 2017 WL 3442464, at *6 (citing *Shipes*, 987 F.2d at 321–22).

In part because of these factors are generally subsumed into the lodestar calculation, "[t]here is a strong presumption that the lodestar is a reasonable fee, and the fee applicant bears the burden of demonstrating that an upward adjustment by application of the *Johnson* factors is necessary to calculate a reasonable fee." *Transamerica*, 2017 WL 3442464, at *4 (citing *Walker v. Dept. of HUD*, 99 F.3d 761, 771 (5th Cir. 1996); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), cert denied, 516 U.S. 862 (1995)).

Epic submitted evidence for loadstar calculation by hourly rate and billing. The rate for attorney Brant Martin was $450 per hour, attorney Joseph Callister $360 per hour, and attorney Ethan Minshull $305 per hour. Doc. 55 at 3. For evidence of the hours worked, Epic submitted an overview spreadsheet, Doc. 55-2, and the redacted billing, Doc. 55-1. Epic also provided Martin's curriculum vitae. Doc. 55-3. Epic reduced from the billing, billing related to earlier litigation. Doc. 55 at 3. In sum, Epic alleged its fees were approximately $183,277.72. Epic also reduced its fees by 25% to $137,458.29 because it did not seek default judgment on claims of

unfair competition and conversion. Doc. 55 at 4. Epic does not assert an upward departure based upon *Johnson* factors.

The hourly rates are reasonable. According to hourly rates found by State Bar of Texas Department of Research and Analysis 2015 Hourly Fact Sheet (published in 2016), a reasonable rate for intellectual property attorneys is $345. *See Transamerica*, 2017 WL 3442464 at *4–5, *14–15 (discussing prevailing market rates). The rates suggested by Martin's affidavit are within a reasonable margin of that hourly rate. Applying those rates to billing accords with Epic's fee amount and reductions. Epic did not seek an upward adjustment under *Johnson*. *See id.* at *4. Thus, the Court holds that an attorney's fees award of $137,458.29 is appropriate.

Likewise, Epic's request for $43,934.85 for court costs, private investigators, depositions, and subpoenas not otherwise addressed by the attorney's fees is also appropriate. Accordingly, the Court

**ORDERS** that Epic shall recover attorney's fees and costs from Lara and Sweeps in the amount of $181,393.14.

SIGNED at Houston, Texas, this 25th day of January, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE